# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50133
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luis Rodriguez-Martinez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-120-1

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jose Luis Rodriguez-Martinez appeals the above-guidelines sentence imposed following his guilty plea for illegal reentry into the United States after removal. He argues that his 33-month sentence as an upward variance is procedurally unreasonable because the district court failed adequately to explain the sentence. Rodriguez-Martinez further argues that his sentence is

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

substantively unreasonable because it is greater than necessary given the nature of his offense and that his criminal history did not justify the sentence imposed.

Because Rodriguez-Martinez failed to object to the procedural and substantive reasonableness of his sentence and did not also advocate for a lower sentence, we review his sentence only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *cf. Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764–67 (2020). To establish plain error, Rodriguez-Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have the discretion to remedy the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Contrary to Rodriguez-Martinez's assertions, the record reflects that the district court gave specific reasons for the sentence, emphasizing his criminal history. Accordingly, Rodriguez-Martinez has not shown that the district court's explanation of his sentence was inadequate, plainly or otherwise. *See Gall v. United States*, 552 U.S. 38, 50 (2007); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

Finally, a district court has the discretion to determine that the advisory guidelines range gives too much or too little weight to one or more factors and may conclude that a within-guidelines sentence would be insufficient to serve the objectives of sentencing. *See United States v. Williams*, 517 F.3d 801, 809–11 (5th Cir. 2008). Here, the record reflects that the district court considered the 18 U.S.C. § 3553(a) factors and determined that, due to Rodriguez-Martinez's numerous prior felony offenses, an above-guidelines sentence was necessary to impose a just sentence, to deter future

No. 23-50133

criminal conduct, to promote respect for the law, and to protect the public. We have affirmed sentences well above the guidelines range in illegal reentry cases where the defendant had prior felony convictions. *See*, *e.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Accordingly, Rodriguez-Martinez's substantive reasonableness argument fails to show that the district court abused its discretion, plainly or otherwise. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

AFFIRMED.